May 28th, 1906.

————o————

No. 3892.

(Court of Appeal, Parish of Orleans.)

WILLIAM VENUS vs. EDWARD SCANNELL.

1. "The place where the Court is held" means the political subdivision and not the exact spot or square where the Court House happens to be built.

2. The City of New Orleans and the Parish of Orleans are territorially and politically co-extensive, and all persons residing therein reside, in contemplation of law, at the place where the Court is held.

3. Art. 201 C. P. does not require that the sheriff's return shall state the surname or full name of the person on whom service is made, but merely the name.

4. Jurisprudence is to the effect that the facts that a judgment was rendered read and signed in open Court may appear from the minutes as well as from recitals on the face of the judgment itself.

5. The law requires that final judgment should be signed by the Judge but does not exact that the physical act of signing should be made in open Court.

Appeal from Civil District Court, Division "C."

F. P. Poche, J. F. Poche, W. S. Parkerson, for Plaintiff and Appellee.

W. H. Pascoe, Defendants Curator, ad hoc, E. W. Pugh, Defendant .

Branch K. Miller, G. A. Gondron, for Defendant and Appellant.

DUFOUR, J. This suit was filed on March 22nd, 1904, to revive a judgment rendered July 31st, 1894 and signed August 6th, 1894.

The denfenses urged in this Court are:

1st, That the citation in the original suit was illegal, null and void, because it failed to express the number of days given to defendant to appear, according to the distance his residence was from the office of the Clerk of the Court and the place where the Court held its sittings, as provided by Art. 179, C. P.

2nd, That the return to the citation fails to give the ful name of the person on whom service was made.

3rd, That said judgment is an absolute nullity, for the reason that it was not rendered, read and signed in open Court, as the law directs. Art. 180, C. P. provides that "the delay to be expressed in the citation consists of ten days if the defendant resides in the place where the Court is held, or within ten miles from such place."

410

The citation gave the defendant ten days to answer and he - lived in New Orleans. The City of New Orleans and Parish of Orleans are co-extensive territorially and politically; the place where the Court is held means the political subdivision, and not the exact spot or square or acre where the Court house happens to be built.

Any one living in the Parish of Orleans or City of New Orleans resides, in contemplation of law, at the *place* where the Court is held.

Art. 201, C. P. does not require that the sheriff's return shall state th*e surname* or *full name* of the person on whom service is made, but merely the *name*.

3.

Jurisprudence is to the effect that the facts that a judgment was rendered read and signed in open Court may appear from the minutes, as well as from recitals on the face of the judgment itself.

52 An. 1515, 1516.

In this instance, the minutes, which are read in open Court, recite the rendicttion of the judgment on motion of counsel of date July 31st, 1894, and the reading in open Court on August 1st of the minutes of the previous day, containing the judgment.

This is a compliance with requirements of Art. 543 C. P.

So far as the signing of the judgment is concerned, the minutes merely recite that"the judgment in this case rendered on the 31st of July, 1894, was signed on this day."

In connection with this question we have examined the following cases:

14 An. 665, 30 An. 363, 48 An. 905.

21 An. 306, 23 An. 483,

26 An. 119, 29 An. 378,

50 An. 438 52 An. 1615,

109 La. 1000, 1011.

It is unnecessary to inquire whether there is a presumption that the judgment referred to in the minutes was signed in open

Court, or whether the fact of its being so signed shoud appear affirmatively.

Whatever may have been the earlier doctrine, the jurisprudence now is that the physical act of signing need not be made in open Court.

In 109 La. 1000-1011, the Court used the following language:

"We next come to the objection that the judgment was not signed or read in open Court. The signature of a judge to his judgment is of course necessary, but we know of no law which requires that the physical act of signing should be done in open Court. The descisions of this Court are signed in the consultation room, never in open session.

They are always read in open Court, as Art. 543 of the Code of Practice requires this to be done."

The trial judge correctly revived the judgment.

Judgment affirmed.